UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL J. PATERNO,

                             Plaintiff,

                against,

PROBATION OFFICER LARA WATROUS,

                            Defendant.

**MEMORANDUM AND ORDER**
23-cv-2262 (LDH) (AYS)

LaSHANN DeARCY HALL, United States District Judge:

Michael J. Paterno ("Plaintiff"), proceeding pro se, brings the instant action against Probation Officer Lara Watrous ("Defendant"), alleging disability discrimination in violation of the Americans with Disabilities Act (the "ADA") and a violation of his Fifth Amendment right against self-incrimination.

## BACKGROUND

Plaintiff initiated this action on March 22, 2023, claiming that Defendant failed to accommodate him by refusing to allow him to have his "ADA helper" in the room for his probation meetings, in violation of the ADA. (*See* Compl. at 4, ECF No. 1.) Plaintiff also claimed that Defendant violated his Fifth Amendment right against self-incrimination by making him take a polygraph test. (*Id.*)

On March 4, 2024, Defendant filed a request for a pre-motion conference on her anticipated motion to dismiss. (*See generally* Ltr. Mot., ECF No. 12.) The Court denied the request for a pre-motion conference and, instead, set the following briefing schedule for Defendant's motion to dismiss: Defendant was to serve Plaintiff with her motion to dismiss on or

before April 3, 2024.  Plaintiff was to serve Defendant with his opposition brief on or before May 3, 2024.  Defendant was to serve Plaintiff with any reply brief, and file the fully briefed motion, on or before May 17, 2024.

On May 13, 2024, Defendant filed her motion to dismiss along with a letter informing the Court that she did not receive opposition from the Plaintiff on or after May 3, 2024.  (*See generally* Def.'s Mot. to Dismiss, ECF No. 15; Def.'s Ltr., ECF No. 16.)  The Court issued an Order on February 26, 2025, granting Plaintiff a second opportunity to file his opposition on or before March 5, 2025, and warned that "[f]ailure to abide by this Order may result in dismissal for failure to prosecute."  Plaintiff failed to file a timely response.  On March 17, 2025, the Court granted Plaintiff a third and final opportunity to file his opposition on or before March 24, 2025.  Again, the Court warned Plaintiff that "[f]ailure to abide by this Order *will* result in dismissal for failure to prosecute."  Despite multiple extensions and orders by this Court, Plaintiff never filed any opposition brief.

## DISCUSSION

A district judge may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if "the plaintiff fails to prosecute or to comply with [the] rules or a court order[.]"  Fed. R. Civ. Proc. 41(b).  The prudent application of this rule is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts."  *Manshul Const. Corp. v. Int'l Fid. Ins.*, 1999 WL 461756, at *2 (2d Cir. Jun. 18, 1999) (unpublished table opinion) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)) (dismissing *sua sponte* with prejudice).  Notwithstanding its benefits, disposal of cases for failure to prosecute is a "harsh remedy to be utilized only in extreme situations."

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hospital, Inc.*, 455 F.3d 853, 855 (2d Cir. 1972) (per curiam)).  Thus, as a procedural safeguard, district courts must balance five factors—none of which are dispositive—when determining whether to dismiss for failure to prosecute under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

The Second Circuit has cautioned that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant."  *Lucas*, 84 F.3d at 535.  That said, the latitude afforded to unrepresented parties does not exempt them from diligently prosecuting their cases; pro se litigants are still "required to attempt to comply with procedural rules, especially when they can be understood without legal training and experience."  *Yadav v. Brookhaven Nat'l Lab'y*, 487 F. App'x 671, 672 (2d Cir. 2012) (summary order) (affirming dismissal for failure to prosecute where pro se litigant did not respond to discovery for three months).

Dismissal is proper here.  *First,* nearly ten months have lapsed since Plaintiff's opposition was first due.  While there is no bright-line rule, the Second Circuit has found similar periods of inaction sufficient to warrant dismissal.  *See, e.g.*, *Lyell Theatre Corp.*, 682 F.2d at 42–43 (noting that delays lasting "merely a matter of months" may support dismissal).  Therefore, a delay of ten months is more than sufficient.

*Second*, Plaintiff has been given three opportunities to comply with the Court's directives, and clear notices that failure to comply with the Court's directives would result in dismissal for failure to prosecute, including on March 4, 2024, February 26, 2025, and March 17, 2025. These notices are sufficient to support dismissal here. *See, e.g.*, *Hunter v. N.Y. State Dep't of Corr. Servs.*, 515 F. App'x 40, 43 (2d Cir. 2013) (finding notice of dismissal sufficient where the "record reveals that [plaintiff] received at least two notices that her action could be dismissed for a failure to prosecute").

*Third*, any further delay would prejudice Defendant. Whether responding parties have been prejudiced "turns on the degree to which the delay was lengthy and inexcusable." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004). This case has been pending for two years. The Second Circuit has applied a presumption of prejudice where the plaintiff fails to respond to a court order for even shorter periods of time. *See, e.g.*, *Yadav*, 487 F. App'x at 673 (summary order) (affirming dismissal where Plaintiff caused a delay of three months); *see also Brow v. City of New York*, 391 F. App'x 935, 937 (2d Cir. 2010) (summary order) (affirming dismissal where plaintiff caused a delay of nearly six months). As such, Defendants here are presumed to be prejudiced. *See Wade v. Nassau Cnty.*, 674 F. App'x 96, 97–98 (2d Cir. 2017) (affirming dismissal where "the defendants [] had actively defended [the] case" and "would be prejudiced by further delay").

*Fourth*, a balancing of the Court's interest in managing its docket and Plaintiff's interest in his chance to be heard weighs in favor of dismissal. This prong is satisfied where the Court affords a plaintiff "ample time to inform the Court that [it] [stands] ready to press [its] claims[.]" *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177–78 (2d Cir. 2008). Here, prior to

4

pursuing dismissal, the Court granted Plaintiff several opportunities to file an opposition brief and avoid dismissal for failure to prosecute. Indeed, Plaintiff has not attempted to prosecute this case in two years. In other words, Plaintiff has been given ample time to indicate a readiness to proceed, which he has not. *See id.* (finding fourth prong satisfied where dismissal was delayed for twenty days).

*Fifth*, given Plaintiff's repeated failures to respond to the Court's orders, no lesser sanctions would be effective. *See, e.g.*, *Horton v. City of New York*, No. 14-CV-04279, 2015 WL 13021411, at *2 (E.D.N.Y. Jan. 9, 2015), *report and recommendation adopted*, No. 14-CV-04279, 2015 WL 13019585, at *1 (E.D.N.Y. Feb. 2, 2015), *aff'd*, 636 F. App'x 822, 824 (2d Cir. 2016) ("Plaintiff has made no effort to comply with the Court's orders and prosecute this case, despite warnings from this Court that the case would be dismissed. Further warnings are likely to be futile. No lesser sanction would be effective and dismissal at this juncture is the only appropriate course."). Indeed, in light of the substantial period that has lapsed since Plaintiff has taken any meaningful action in the case, the Court is hard pressed to see how any other sanction might move Plaintiff to act.

## CONCLUSION

For the foregoing reasons, this action is DISMISSED. The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff's last known address.

SO ORDERED.

Dated: Brooklyn, New York  
      March 31, 2025

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge

5